UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:01-cr-07-TRM-CHS-02 |
| | ) | No. 1:01-cr-59-TRM-CHS-01 |
| MONTEZ BRIDGES | ) | |

## **MEMORANDUM AND ORDER**

MONTEZ BRIDGES, ("Defendant") appeared for a hearing on March 20, 2019, in accordance with Rules 5 and 32.1 of the Federal Rules of Criminal Procedure on the Petitions for a Warrant or Summons for an Offender Under Supervision filed in both of the above cases ("Petitions").

Defendant was placed under oath and informed of his constitutional rights. It was determined that Defendant wished to be represented by an attorney and he qualified for appointed counsel. Attorney Bryan Hoss was appointed to represent Defendant. It was also determined that Defendant had been provided with and reviewed with counsel a copy of the Petitions.

The Government moved that Defendant be detained without bail pending his revocation hearing before U.S. District Judge McDonough. Defendant was advised of his rights to a preliminary examination and detention hearing and Defendant requested both hearings, which were held.

### **Preliminary Hearing and Detention Hearing Proof**

Prior to giving testimony, all witnesses were properly sworn. The Government called U.S. Probation Officer Reshard Montgomery as a witness to testify as to the factual allegations set forth in the Petitions and related matters. Defendant's fiancée, Stacy Harris, testified on behalf of Defendant. Defendant and the government both presented exhibits and made proffers regarding the Petitions and related matters. Both parties presented their respective arguments, which were fully considered by the Court.

### **Findings**

(1) Based upon the strong evidence of violations, and as addressed more fully during the extensive hearing, the Court finds there is probable cause to believe Defendant has committed violations of conditions of his supervised release.

(2) Also as addressed in detail during the extensive detention hearing, and pursuant to Fed. R. Crim. P. 32.1(a)(6), the Court further finds Defendant has not carried his burden to establish by clear and convincing evidence that he will not fail to appear or pose a danger to any other person or to the community if released.

Accordingly, it is **ORDERED** that:

(1) Counsel for Defendant and the Government shall confer and make best efforts to submit to U.S. District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petitions for Warrant for Offender Under Supervision.

(2) In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petitions for Warrant for Offender Under Supervision, they shall request a hearing before U.S. District Judge McDonough.

(3) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further order from this Court is **GRANTED**.

SO ORDERED.

ENTER.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE